United States District Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **MARIA WILLIAMS TREVINO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:26-CV-00050** |
| | § | |
| **PNC BANK N.A.,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Maria Trevino, a Texas citizen, purchased property at 1903 Sage Dr. Weslaco, Texas 78594 ("the Property") in April 2001. After Defendant PNC Bank N.A. ("PNC Bank"), a Pennsylvania corporation, initiated foreclosure proceedings on the Property due to Trevino's failure to make loan payments, Trevino brought the instant common law fraud action in state court seeking a temporary restraining order to halt the proceedings. PNC Bank then removed the case to federal court based on diversity jurisdiction. Following removal, Intervenors Yesenia Aranda and Jose Almaraz moved this Court to intervene under Rule 24 because they claim to have purchased the Property in April 2025. The Court granted this motion and allowed them to assert their common law fraud claim against Trevino and their wrongful-foreclosure claim against PNC Bank.

Pending before the Court is Intervenors' Motion to Remand. (Dkt. No. 8). For the following reasons, the Court **GRANTS** the Motion and **REMANDS** the case to the District Court of Hidalgo County, Texas, 275th Judicial District.

## I.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994), and may only hear cases that present a federal question or satisfy the requirements for diversity jurisdiction, *see* 28 U.S.C. §§ 1331, 1332.  If a case meets one of these two requirements for federal subject-matter jurisdiction, the defendant (or defendants) may remove the action from state to federal court.  *See* 28 U.S.C. § 1441(a); *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

To remove a case on diversity-jurisdiction grounds—as PNC Bank has done here, (Dkt. No. 1 at 2)—two conditions must be met at the time of removal: (1) there must be complete diversity of citizenship between the parties, and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).  The removing party bears the burden of establishing that subject-matter jurisdiction exists and that removal is proper.  *Manguno*, 276 F.3d at 723.  The removal statute is strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand.  *Id.*; *see also Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).  A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

## II.    DISCUSSION

In the remand motion, Intervenors challenge the diversity requirement.  (Dkt. No. 8 at 2).  Specifically, they argue that while complete diversity existed prior to their

intervention, it no longer exists because both they and Trevino are citizens of Texas. (*Id.*).

Neither Trevino nor PNC Bank has responded to Intervenors' motion.

Trevino's state-court petition states that she resides at 1903 Sage Dr. Weslaco, TX 78596. (Dkt. No. 1-3 at 1). Intervenors' Motion to Intervene states that they both reside in Weslaco, Texas. (Dkt. No. 6 at 1). Because Intervenors, Texas citizens, assert a common law fraud claim against Trevino, a Texas citizen, for not disclosing that she had failed to make payments on the Property, complete diversity does not exist. Intervenors' wrongful-foreclosure claim against PNC Bank does not resolve the issue:

> In any civil action of which the district courts have original jurisdiction founded solely on [diversity jurisdiction,] the district courts shall not have supplemental jurisdiction under [28 U.S.C. § 1376(a)] . . . over claims by persons . . . seeking to intervene as plaintiffs under [Federal Rule of Civil Procedure 24], when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332 [*i.e.* complete diversity.]

28 U.S.C. § 1367(b); *see also La. Oilfield Logistics, LLC v. Flotek Chem., LLC*, No. 4:19-CV-01272, 2019 WL 3552774, at *2 (S.D. Tex. Aug. 5, 2019). "In other words, a would-be intervenor-plaintiff in a diversity case must demonstrate an independent jurisdictional ground to support the claim, e.g., federal question or diversity." *Hardesty Builders, Inc. v. Mid-Continent Cas. Co.*, No. 6:10-CV-00142, 2011 WL 87217, at *1 n.1 (S.D. Tex. Jan 7, 2011) (quoting *Chambers Med. Found. v. Chambers*, 236 F.R.D. 299, 302 (W.D. La. 2006)). No such independent jurisdictional ground exists.

Neither can the Court simply dismiss Intervenors from the case to re-establish diversity. The Court has already granted the Motion to Intervene, (*see* Dkt. No. 7),

3

because it found that Intervenors have an interest in the Property, that their ability to protect this interest would be impaired if they did not intervene, and that the existing parties do not adequately represent this interest. To dismiss Intervenors would mean impairing their ability to protect their interest in the Property, which is contrary to Federal Rule of Civil Procedure 24. Therefore, the only legally viable and equitable path is to remand the case so that a court of competent jurisdiction may resolve the dispute while taking Intervenors' interest into account.

## III.    CONCLUSION

Considering the foregoing analysis, the Court **GRANTS** Intervenors' Motion to Remand. (Dkt. No. 8). This case is **REMANDED** to the District Court of Hidalgo County, Texas, 275th Judicial District.

It is SO ORDERED.

Signed on May 15, 2026.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

4